**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LABORERS' PENSION FUND and ) <br> LABORERS' WELFARE FUND OF THE ) <br> HEALTH AND WELFARE DEPARTMENT ) <br> OF THE CONSTRUCTION AND GENERAL ) <br> LABORERS' DISTRICT COUNCIL OF ) <br> CHICAGO AND VICINITY, and JAMES S. ) <br> JORGENSEN, Administrator of the Funds, ) <br>     ) <br> Plaintiffs, ) <br> v.   ) <br>     ) <br> PLATINUM SCAFFOLDING SERVICES, INC. ) <br>     ) <br> Defendant. ) | | Case No. 16 C 9330 <br><br> Judge Der-Yeghiayan |

## PLAINTIFFS' MOTION FOR DAMAGES

Plaintiffs, the Laborers Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds"), request that this Court enter a finding of damages in the amount of $21,514.58 against Defendant Platinum Scaffolding Services, Inc., ("Platinum")  In support of this motion, Plaintiffs state:

1. On November 29, 2016, this Court entered default on behalf of the Plaintiffs and against the Defendant Platinum Scaffolding Services, Inc., under the Employee Retirement Income Security Act of 1973 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a).  The Complaint sought payment for contributions covering an audit period from October 1, 2014 through December 31, 2015.  Partial payment has been made and received on December 27, 2016.  This proof up seeks

1

damages, interest and attorneys' fees and costs and requests that this Court to order the Company to obtain and maintain a surety bond.

2. According to the Director of the Field Department, Jean Mashos, Bansley & Kiener, LLP prepared an audit report reflecting amounts owed to the Funds and contributions were owed in the amount of $54,908.34. Payment for principal contributions was received on December 27, 2016, after this Court entered default but prior to a prove up of damages. Liquidated damages –a penalty for failing to pay the principal in a timely manner as described in paragraph 3 and interest which is required for delinquent contributions is owed to the Funds.

3. According to the collective bargaining agreement and the Funds' Trust Agreements, contributing employers who fail to pay contributions to the Funds by the tenth day of the month after the month during which the work has been performed, owe penalties to the Funds. Penalties are assessed at the rate of ten percent for amounts owed for dues and LDCLMCC, and LECET Funds. Penalties owed to the Pension, Health and Welfare, Retiree Welfare and Training Funds are assessed at the rate of twenty percent and based on the unpaid contribution amounts, penalties in this case are owed in the amount of $10,332.48 to the Funds. Penalties are owed for Union dues, LDCLMCC, and LECET Funds in the amount of $ 459.02. (Affidavit of Jean Mashos, Exhibit 1).

4. Interest is owed on all delinquent contribution amounts from the date of the delinquency forward, in the amount of twelve percent as provided by the Funds' Trust Agreements. With respect to amounts owed as shown in the audit report, interest is owed in the amount of $7, 649.18. (Exhibit 1 Mashos affidavit).

5. Reasonable attorneys' fees and costs are established by an affidavit of Karen I. Engelhardt, plaintiffs' counsel. This affidavit reflects that based on hourly records the amount of

$ 2,632.00, is owed to the Funds' for counsel's attorney's fees and $440.00 is owed to the Funds to reimburse its costs, consisting of filing fees and service costs. (Exhibit 2). Attorneys' fees are owed pursuant to ERISA, 29 U.S.C. § 1132(g)(2), and pursuant to the terms of the collective bargaining agreements and Trust Agreements.

6.  As required by Article IX , paragraph 1 of the collective bargaining agreement, all employers are required to procure, carry and maintain a surety bond in an amount that is satisfactory to the Union. This bond must be in excess of $5,000.00 to guarantee the payment of wages, Pension and Welfare Trust Contributions during the term of the Agreement. Plaintiffs request that Defendant within 60 days of the date of this judgment order provide written proof that it has obtained such a surety bond to plaintiffs' counsel, Karen I. Engelhardt, Allison, Slutsky & Kennedy, P.C. , 230 W. Monroe Street, Chicago, IL 60606.

Wherefore, plaintiffs drafted a proposed judgment order for a total judgment against the Defendant Platinum Scaffolding Services, Inc., in the amount of $ 21,514.58, and order Defendant to obtain and maintain a surety bond.

Respectfully submitted,

/s/ Karen I. Engelhardt
One of plaintiffs' attorneys

Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400                                              December 27, 2016
kie@ask-attorneys.com